1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

RICHARD ALLEN FABEL,
RODNEY ROLLNESS,
JOSHUA BINDER, and
RICKY JENKS, and
PAUL FOSTER.

        Defendants.

Case No.  CR06-041L

ORDER GRANTING IN PART AND
DENYING IN PART JENKS'
MOTIONS TO SUPPRESS

## I.  INTRODUCTION

This matter comes before the Court on defendant Jenks' "Motion To Suppress Illegally Seized Evidence" (Dkt. #284) and "Motion to Suppress Evidence Based on Franks v. Delaware" (Dkt. #297).  Jenks seeks to suppress a number of pieces of evidence seized during a search of his home in February 2006.  He also requests a Franks evidentiary hearing.

## II.  FACTUAL BACKGROUND

On February 10, 2006, Magistrate Judge Cynthia Imbrogno signed a warrant authorizing a search of the Jenks' residence in Spokane, Washington.  The warrant was supported by an affidavit prepared and signed by Special Agent Stanley Meador of the Federal Bureau of

1   Investigation.  Agents executed the search on February 14, 2006.  Defendant now seeks to

2   suppress four pieces of evidence seized during the search: (1) a "Church of Hate" compact disc;

3   (2) a computer; (3) ammunition; and (4) his 2002 Harley Davidson motorcycle.  An evidentiary

4   hearing on the motion was conducted on January 31, 2007.[1]

5                                   **III.  DISCUSSION**

6   **A.      "Church of Hate" Compact Disc**

7            Defendant argues that the seizure of the "Church of Hate" compact disc was outside the

8   scope of the warrant.  The Government contends that it was properly seized as evidence of the

9   RICO offense because it tied Jenks to the location of an alleged extortion.  Alternatively, the

10  Government argues that the seizure falls under the plain view exception.  The Court agrees that

11  the compact disc does not fall into a category of evidence described in the search warrant.  The

12  predicate act of extortion referenced by the Government in its response was not referenced in the

13  Meador affidavit or in the search warrant itself.

14           Nor does the seizure fall under the plain view exception.  "To fall within the plain view

15  exception, two requirements must be met: the officers must be lawfully searching the area where

16  the evidence is found and the incriminatory nature of the evidence must be immediately

17  apparent."  Roe v. Sherry, 91 F.3d 1270, 1272 (9th Cir. 1996).  The Government argues that the

18  incriminatory nature of the evidence was immediately apparent because agents were aware that

19  Jenks was involved with an extortion attempt at Ichabods, a location where the group "Church of

20  Hate" was known to have played.  This, it argues, "established his tie to Ichabods."  Response at

21  p. 7.  Even if agents were aware that the group Church of Hate played at Ichabods, the mere

22  possession of the compact disc is not incriminating.  Jenks acknowledges that he worked at

23  

24           [1]The evidentiary hearing has been continued to allow for the presentation of additional evidence

25  not available on January 31, 2007.  Because the remaining evidence only concerns the seizure of the
    Harley Davidson motorcycle, a second order addressing that particular seizure will be issued upon

26  completion of the evidentiary hearing.

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS
TO SUPPRESS

1  Ichabods.  That he owns the compact disc of a band that played there is not evidence of a crime.

2  The "Church of Hate" compact disc shall be suppressed.

3  **B.    Jenks' Computer**

4        Jenks contends that there was no nexus between any of the crimes alleged in the Meador

5  affidavit and Jenks' use of his computer.  In making a probable cause determination, a magistrate

6  judge need only conclude that there is "a reasonable nexus between the activities supporting

7  probable cause and the locations to be searched."  United States v. Fernandez, 388 F.3d 1199,

8  1253 (9th Cir. 2004) (quoting United States v. Ocampo, 937 F.2d 485, 490 (9th Cir. 1991).  In

9  arriving at this conclusion, "[a] magistrate may 'draw reasonable inferences about where

10 evidence is likely to be kept, based on the nature of the evidence and the type of offense.'"

11 United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir. 1993) (quoting United States v.

12 Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986)).  Because a magistrate judge's finding of

13 probable cause is accorded significant deference, a reviewing court need only determine that the

14 magistrate judge "had a substantial basis for finding probable cause."  United States v.

15 Chavez-Miranda, 306 F.3d 973, 978 (9th Cir. 2002).

16       In this instance, Magistrate Judge Imbrogno had a substantial basis to conclude that

17 probable cause existed to seize and search Jenks' computer.  The affidavit states that the Hells

18 Angels kept extensive written documentation of their rules and activities and that they relied on

19 websites to communicate with one another.  Based on this information, Magistrate Judge

20 Imbrogno could rationally conclude that evidence of RICO, fraud, and the trafficking in stolen

21 motorcycles would be found on computers in the Jenks' residence.  The seizure of Jenks'

22 computer was proper.

23 **C.    Ammunition**

24       The defendant has withdrawn his challenge to the seizure of the ammunition.  Reply at p.

25 5.  The request for suppression of the ammunition is therefore denied.

26

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS
TO SUPPRESS

1   **D.   <u>Franks</u> Hearing**

2       Defendant also seeks a <u>Franks</u> hearing to contest the validity of the Meador affidavit.  A

3   defendant is entitled to such a hearing only if he makes a "substantial preliminary showing that a

4   false statement knowingly and intentionally, or with reckless disregard for the truth, was

5   included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary

6   to the finding of probable cause."  <u>Franks v. Delaware</u>, 438 U.S. 154, 155-56 (1978).  Jenks

7   argues that a hearing is appropriate here because Meador's affidavit intentionally omitted or

8   misstated critical facts about CI-1's background that were essential to the magistrate judge's

9   determinations about CI-1's reliability.  Defendant also argues that Meador's affidavit omitted

10  critical facts related to Jenks himself.

11      Jenks has not made a substantial preliminary showing that Meador made "intentionally or

12  recklessly false statements" in his affidavit.  Even if such a showing had been made, the Court

13  does not believe that the omission of the allegedly misleading statements or inclusion of the

14  alleged omissions would undermine the magistrate judge's finding of probable cause.

15  Defendant's request for a <u>Franks</u> hearing is therefore denied.

16                          **IV.   CONCLUSION**

17      For the foregoing reasons, defendant Jenks' motion to suppress (Dkt. #284) is

18  GRANTED in part and DENIED in part.  Jenks' motion for a Franks hearing (Dkt. #297) is

19  DENIED.  The Court will issue a separate order on the suppression of Jenks' 2002 Harley

20  Davidson at the conclusion of the evidentiary hearing.

21

22      DATED this 8th day of February, 2007.

23                                          _MN S Casnik_

24                                          Robert S. Lasnik
                                            United States District Judge
25

26

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS
TO SUPPRESS