UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD ALLEN FABEL,<br>RODNEY ROLLNESS,<br>JOSHUA BINDER, and<br>RICKY JENKS, and<br>PAUL FOSTER.<br><br>    Defendants. | Case No.  CR06-041L<br><br>ORDER GRANTING IN PART AND DENYING IN PART JENKS' MOTIONS TO SUPPRESS |

## I. INTRODUCTION

This matter comes before the Court on defendant Jenks' "Motion To Suppress Illegally Seized Evidence" (Dkt. #284) and "Motion to Suppress Evidence Based on Franks v. Delaware" (Dkt. #297). Jenks seeks to suppress a number of pieces of evidence seized during a search of his home in February 2006. He also requests a Franks evidentiary hearing.

## II. FACTUAL BACKGROUND

On February 10, 2006, Magistrate Judge Cynthia Imbrogno signed a warrant authorizing a search of the Jenks' residence in Spokane, Washington. The warrant was supported by an affidavit prepared and signed by Special Agent Stanley Meador of the Federal Bureau of

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS
TO SUPPRESS

Investigation. Agents executed the search on February 14, 2006. Defendant now seeks to suppress four pieces of evidence seized during the search: (1) a "Church of Hate" compact disc; (2) a computer; (3) ammunition; and (4) his 2002 Harley Davidson motorcycle. An evidentiary hearing on the motion was conducted on January 31, 2007.[1]

### III.  DISCUSSION

**A.    "Church of Hate" Compact Disc**

Defendant argues that the seizure of the "Church of Hate" compact disc was outside the scope of the warrant. The Government contends that it was properly seized as evidence of the RICO offense because it tied Jenks to the location of an alleged extortion. Alternatively, the Government argues that the seizure falls under the plain view exception. The Court agrees that the compact disc does not fall into a category of evidence described in the search warrant. The predicate act of extortion referenced by the Government in its response was not referenced in the Meador affidavit or in the search warrant itself.

Nor does the seizure fall under the plain view exception. "To fall within the plain view exception, two requirements must be met: the officers must be lawfully searching the area where the evidence is found and the incriminatory nature of the evidence must be immediately apparent." Roe v. Sherry, 91 F.3d 1270, 1272 (9th Cir. 1996). The Government argues that the incriminatory nature of the evidence was immediately apparent because agents were aware that Jenks was involved with an extortion attempt at Ichabods, a location where the group "Church of Hate" was known to have played. This, it argues, "established his tie to Ichabods." Response at p. 7. Even if agents were aware that the group Church of Hate played at Ichabods, the mere possession of the compact disc is not incriminating. Jenks acknowledges that he worked at

---

[1] The evidentiary hearing has been continued to allow for the presentation of additional evidence not available on January 31, 2007. Because the remaining evidence only concerns the seizure of the Harley Davidson motorcycle, a second order addressing that particular seizure will be issued upon completion of the evidentiary hearing.

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS
TO SUPPRESS

1  Ichabods.  That he owns the compact disc of a band that played there is not evidence of a crime.
2  The "Church of Hate" compact disc shall be suppressed.

**B.     Jenks' Computer**

Jenks contends that there was no nexus between any of the crimes alleged in the Meador affidavit and Jenks' use of his computer.  In making a probable cause determination, a magistrate judge need only conclude that there is "a reasonable nexus between the activities supporting probable cause and the locations to be searched."  United States v. Fernandez, 388 F.3d 1199, 1253 (9th Cir. 2004) (quoting United States v. Ocampo, 937 F.2d 485, 490 (9th Cir. 1991).  In arriving at this conclusion, "[a] magistrate may 'draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense.'"  United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir. 1993) (quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986)).  Because a magistrate judge's finding of probable cause is accorded significant deference, a reviewing court need only determine that the magistrate judge "had a substantial basis for finding probable cause."  United States v. Chavez-Miranda, 306 F.3d 973, 978 (9th Cir. 2002).

In this instance, Magistrate Judge Imbrogno had a substantial basis to conclude that probable cause existed to seize and search Jenks' computer.  The affidavit states that the Hells Angels kept extensive written documentation of their rules and activities and that they relied on websites to communicate with one another.  Based on this information, Magistrate Judge Imbrogno could rationally conclude that evidence of RICO, fraud, and the trafficking in stolen motorcycles would be found on computers in the Jenks' residence.  The seizure of Jenks' computer was proper.

**C.     Ammunition**

The defendant has withdrawn his challenge to the seizure of the ammunition.  Reply at p. 5.  The request for suppression of the ammunition is therefore denied.

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS
TO SUPPRESS

**D.      Franks Hearing**

Defendant also seeks a Franks hearing to contest the validity of the Meador affidavit.  A defendant is entitled to such a hearing only if he makes a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause."  Franks v. Delaware, 438 U.S. 154, 155-56 (1978).  Jenks argues that a hearing is appropriate here because Meador's affidavit intentionally omitted or misstated critical facts about CI-1's background that were essential to the magistrate judge's determinations about CI-1's reliability.  Defendant also argues that Meador's affidavit omitted critical facts related to Jenks himself.

Jenks has not made a substantial preliminary showing that Meador made "intentionally or recklessly false statements" in his affidavit.  Even if such a showing had been made, the Court does not believe that the omission of the allegedly misleading statements or inclusion of the alleged omissions would undermine the magistrate judge's finding of probable cause.  Defendant's request for a Franks hearing is therefore denied.

## IV.   CONCLUSION

For the foregoing reasons, defendant Jenks' motion to suppress (Dkt. #284) is GRANTED in part and DENIED in part.  Jenks' motion for a Franks hearing (Dkt. #297) is DENIED.  The Court will issue a separate order on the suppression of Jenks' 2002 Harley Davidson at the conclusion of the evidentiary hearing.

DATED this 8th day of February, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS
TO SUPPRESS