UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD ALLEN FABEL,<br>RODNEY ROLLNESS,<br>JOSHUA BINDER, and<br>RICKY JENKS, and<br>PAUL FOSTER.<br><br>    Defendants. | Case No. CR06-041L<br><br>ORDER GRANTING IN PART AND DENYING IN PART JENKS' MOTIONS IN LIMINE |

## I. INTRODUCTION

This matter comes before the Court on defendant Jenks' "First Consolidated Motions in Limine" (Dkt. #409) and "Second Consolidated Motions in Limine" (Dkt. #419). For the reasons discussed below, Jenks' motions are granted in part and denied in part.

## II. DISCUSSION

In order to prove the RICO charges in this case, the Government must prove, beyond a reasonable doubt, the existence of an enterprise. To meet this burden, the Government may present evidence of the "structure, common purpose, and continuity of the charged enterprise." United States v. Salerno, 108 F.3d 730, 739 (7th Cir. 1997). Evidence to establish the existence

1  and nature of the enterprise is not barred by Rule 404(b)'s prohibition of "other crimes"
2  evidence.  Id.
3      Even if evidence is not barred by Rule 404(b), it still must still pass muster under Rule
4  403.  Federal Rule of Evidence 403 states that otherwise relevant evidence "may be excluded if
5  its probative value is substantially outweighed by the danger of unfair prejudice, confusion of
6  the issues, or misleading the jury, or by considerations of undue delay, waste of time, or
7  needless presentation of cumulative evidence."  The Court has "discretion to admit evidence that
8  sheds light on disputed issues of fact at trial if the court balances the probative value of such
9  evidence against its prejudicial effect."  United States v. Taylor, 239 F.3d 994, 999 (9th Cir.
10 2001).

11 **A.     Skinhead Membership**

12      Because the Government has indicated that it does not intend to use evidence of Jenks'
13 prior membership in the Skinheads in its case-in-chief, defendant's motion in limine to prohibit
14 reference to such membership is granted.

15 **B.     Allegations of Uncharged Other Crimes, Wrongs or Acts Committed by Jenks**

16      Jenks argues that Federal Rules of Evidence 403 and 404 prohibit the introduction of
17 evidence related to uncharged other crimes.  The Government has indicated that it does not
18 intend to offer any prior bad acts in its case-in-chief under Rule 404(b), but that it does intend to
19 offer other uncharged racketeering acts as evidence of the enterprise and defendants' role in the
20 enterprise.  To the extent that uncharged acts presented by the Government are relevant to
21 demonstrate the existence of the enterprise, defendant's motion in limine is denied.

22 **C.     Calling Witnesses to Impeach With Prior Inadmissible Statements**

23      To the extent that defendant's motion in limine seeks to exclude testimony that is
24 inconsistent with Federal Rule of Evidence 607, it is granted.  This applies to all parties.

25 **D.     Speculation**

26      Jenks also seeks to prevent witnesses from speculating on matters beyond their personal

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS IN
LIMINE

knowledge.  Consistent with Federal Rule of Evidence 602, the Government agrees that a witness may only testify to facts within their personal knowledge.  Defendant's motion is granted.  This applies to all parties.

**E.     Evidence of Witness' Demeanor and Inferences Drawn Therefrom**

Jenks' seeks to prohibit the Government from introducing evidence relating to demeanor.  As the Court explained in its January 30, 2007 Order (Dkt. #451), demeanor evidence is generally admissible.  See United States v. Velarde-Gomez, 269 F.3d 1023, 1030 (9th Cir. 2001).  Agents may testify about a witness's reactions to questions, but such testimony should be limited to objective observations of actual physical responses and not venture into subjective conclusions about what state of mind those physical responses reveal.  Defendant's motion in limine on this issue is therefore granted in part and denied in part.

**F.     Allegations that Gary Larson Threatened Peter Martin**

Jenks' motion in limine to exclude evidence of Gary Larson's threats toward Peter Martin is granted.

**G.     Evidence of Alleged Threats to Witnesses That Are Not Attributable to the Defendants or to the Alleged Enterprise**

Jenks' motion in limine to exclude evidence of threats made by Peter Martin to Heather Martin is granted.  To the extent that other threats offered by the Government cannot be tied to the defendants, members of the enterprise, or the Hells Angels, they too are excluded.

**H.     Allegations that G.B. was Threatened by Defense Investigator**

Jenks' motion in limine to prohibit the Government from offering evidence related to an alleged threat made to G.B. by a defense investigator is granted.  Assuming that the Government is permitted to present testimony about G.B.'s entry into the Witness Security Program at trial, it will be able explain G.B.'s entry into the program without attributing it to the actions of the defense investigator.

**I.     Hearsay**

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS IN
LIMINE

To the extent that any Government testimony violates established hearsay rules, defendant's motion in limine to exclude such statements is granted. This applies to all parties.

**J.    L.S. Statements**

**1.    In-Court Identification by L.S.**

Jenks' motion in limine to prevent L.S. from identifying individuals in court is granted.

**2.    L.S. Testimony Related to How the Hells Angels Operated in the Fifties, Sixties, and Today**

Jenks motion in limine to prohibit L.S. from testifying as to how the Hells Angels operated in the fifties and sixties and today is also granted. Though L.S. may testify that he was a member of the Hells Angels from 1958-1967, testimony about how the club operated four decades ago is irrelevant to the case at issue here. Nor can L.S. testify about the current operations of the club or the motives of his alleged assailants. Any such testimony would be speculative and is therefore inadmissible.

**3.    L.S. Testimony About His Physical Condition**

The Court also grants Jenks' motion in limine to prohibit L.S. from testifying about what others told him about his medical condition. Such hearsay testimony is prohibited under Federal Rule of Evidence 802.

**4.    Allegation by L.S. That a Defense Investigator Trespassed Into His Apartment Building**

The Government indicates that it does not intend to introduce evidence that a defense investigator trespassed into L.S.'s apartment building. Defendant's motion in limine to exclude such testimony is granted.

**K.    Shooting of Lonnie Taylor**

Lonnie Taylor died in an exchange of gunfire between himself, Joey Shafer and Ricky Jenks on March 21, 2001. The Government intends to offer evidence of the killing through the testimony of CI-1, G.B., and a certified charging document and judgment. It has notified

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS IN
LIMINE

1  defendants that it intends to introduce evidence of the incident as an uncharged racketeering act
2  and evidence of the enterprise.

3      The Court agrees with the Government that the incident is relevant to establishing the
4  extortion allegation facing Jenks.  As part of that allegation, the Government alleges that Jenks
5  and Joey Shaffer came to G.B.'s place of business and indicated that he should pay the
6  Washington Nomads $1000 a week if he "didn't want to end up like the guy in Sherwood
7  Forest."  Sherwood Forest is allegedly a reference to the neighborhood where Lonnie Taylor
8  lived.  To prove that Jenks threatened bodily injury to obtain G.B.'s property – a necessary
9  element of the extortion count – the Government must give context to the Sherwood Forest
10 reference through an explanation of the events that led to Taylor's death.

11     Evidence related to Taylor's death is also relevant to the Government's effort to establish
12 the nature of the enterprise.  Jenks' possession of a "Filthy Few" patch after Taylor's death is
13 relevant to establishing the enterprise.  Similarly, the fact that Fabel assisted Jenks in obtaining
14 an attorney and paying his legal bills after being charged in relation to Taylor's death is also
15 evidence that is relevant to establishing the enterprise.

16     That said, the Court is concerned about the possible prejudicial effect of such evidence if
17 not framed in the proper way.  If the Government chooses to introduce evidence to explain
18 Taylor's death to the jury, it should be in the form of a written stipulation or limited testimony
19 that explains: (1) that a shoot-out took place between Jenks, Shaffer and Taylor (a member of a
20 rival motorcycle club); (2) that Taylor died as a result; (3) that Jenks was charged with murder
21 and put forward a defense of self-defense; (4) that he eventually pled guilty to a reduced charge
22 of Manslaughter in the Second Degree; and (5) that Taylor lived in a neighborhood known as
23 Sherwood Forest.

24     If the Government seeks to obtain testimony about Taylor's death from CI-1, it should be
25 limited to testimony relating to the fact that he learned from Rollness that his firearm had been

26

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS IN
LIMINE

used by Jenks to kill Taylor and that club members had destroyed it.  He is not permitted to testify that he learned from Matthew Sutherland that Jenks and Schaffer went to deal with Taylor because he was cutting in on Sutherland's methamphetamine business.

**L.     Statements by G.B. Regarding Stolen Motorcycle Parts**

The Government indicates that it does not intend to introduce hearsay statements regarding the theft of G.B.'s motorcycle.  Defendant's motion in limine to exclude this testimony is granted.

**M.     October 12, 2001 Sexual Assault Allegations**

The Government indicates that it does not intend to introduce evidence of this incident against Jenks or any other defendant in its case-in-chief.  Defendant's motion in limine to exclude evidence related to these allegations is granted.

**N.     Evidence of Co-Defendants 404(b) Acts**

Jenks argues that he will be severely prejudiced by admission of the co-defendants bad acts and moves in limine to exclude evidence of a number of these acts from admission at trial. With the exception of evidence of those acts which the Government has indicated that it does not plan to introduce at trial, defendant's motion in limine is denied.  The Court addressed this issue in its January 30, 2007 Order Denying Motions to Sever (Dkt. #450).  The concerns raised by Jenks in his motion can be mitigated by the use of "careful and frequent limiting instructions."  United States v. Fernandez, 388 F.3d 1199, 1243 (9th Cir. 2004).

**O.     Witness Security Program**

As discussed in the Court's order on defendant Rollness' motions in limine, questions related to the admissibility of testimony related to the Witness Security Program are deferred to the time of trial.

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS IN
LIMINE

### III. CONCLUSION

For the foregoing reasons, defendant Jenks' motions in limine (Dkt. #409) (Dkt. #419) are GRANTED IN PART and DENIED IN PART.

DATED this 16th day of February, 2007.

_/s/ Robert S. Lasnik_
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND
DENYING IN PART JENKS' MOTIONS IN
LIMINE